UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 17 P 12: 39

| | |
|---|---|
| ROBERT LAMSON, ROBERT NELSON, ROBERT CHERRY, JOSEPH T. COLLETT, ANTHONY ANASTASI, NICHOLAS CECERE, and KEVIN KELLY,<br>*Plaintiffs,*<br><br>vs.<br><br>RICHARD BLUMENTHAL, NANCY WYMAN, SUSAN COGSWELL, BARBARA WATERS, PETER BLUM, ROBERT D. BAUS, CARMEN BOUDIER, STEPHEN J. CALIENDO, CHARLES CASELLA, ROBERT D. COFFEY, THOMAS P. CULLEY, DAVID O. ELLIOT, MICHAEL FERRUCCI, EDWARD MARTH, STEVE PERRUCCIO, CLAUDE POULIN, RICHARD D. WILBER, LINDA J. YELMANI,<br>*Defendants.* | CIVIL ACTION NO.<br>3-00-CV-1274 (JCH)<br><br><br><br><br><br><br><br><br>OCTOBER 15, 2003 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' RENEWED MOTION FOR COSTS**

I. BACKGROUND FACTS:

At all relevant times herein, the Plaintiffs were Special Deputy Sheriffs ("SDS") for the State of Connecticut. Plaintiffs brought this claim pursuant to 42 U.S.C. §1983, claiming that Defendant state officials have violated their rights to equal protection by treating them differently than other state employees.

Prior ro 1991, the SDS were paid as vendors and their earnings were reported on 1099 vendor statements to the IRS. On April 9, 1990, the IRS ruled that SDS were State employees for Federal Income Tax purposes. However, the State Legislature passed P.A. 92-61 specifically to clarify that the SDS were still excluded from receiving benefits that other state

employees were entitled to. While the state Appropriations Committee claimed that allowing SDS to unionize would be "extremely costly to the state," it apparently changed its mind and passed P.A. 97-148, which added SDS withing the scope of employees who were allowed to collectively bargain with the state. The act required that any formation of a collective bargaining unit for SDS be deferred until after July 1, 1999. The Attorney General concluded that SDS were entitled to health insurance, life insurance, vacation and sick leave, paid holidays, personal leave, longevity pay and participation in the state retirement system.

On July 7, 2000, the Plaintiffs filed the within action. As of that date, the Plaintiffs were still not receiving state paid health benefits. The Complaint requested compensation for past and present benefits that they had not received. On August 24, 2000, the Complaint was amended to add Steven Weinberger, the Director of the State Retirement and Benefit Services Division as a Defendant. On September 28, 2001, the Complaint was again amended to substitute the members of the State Employees Retirement Commission for Steven Weinberger. It also clarified that each defendant was named only in their individual capacity, not in their official capacity. The facts and substance of the Complaint were not altered, and the Amended Complaints were intended to relate back to the original Complaint.

## II. THE DEFENDANTS' ARGUMENT THAT THE PLAINTIFFS' ALLEGATIONS ARE NOT TRUE IS FALSE BECAUSE THE AMENDED COMPLAINTS RELATE BACK TO THE ORIGINAL COMPLAINT.

The Plaintiffs' allegations contained in the original complaint were all true. Plaintiffs had not received all the benefits they were entitled to in the past and were still not receiving state paid health benefits. The Plaintiffs amended the Complaint twice to add Defendants, but did not change the facts contained in the Complaint. The amended complaints were intended to relate back to the original complaint.

FED. R. CIV. P 15(c) provides in pertinent part:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied...

Although on the dates the amended complaints were filed, the Plaintiffs were receiving some or all of their benefits, they were not receiving them at the time of the original complaint and in addition, Plaintiffs were seeking past benefits. At no time were the Plaintiffs claims false or frivolous.

### III. ALTHOUGH THE DEFENDANTS WERE THE PREVAILING PARTIES, THEY SHOULD NOT ENTITLED TO AN AWARD OF ATTORNEYS FEES.

As outlined above, the Plaintiffs' contentions had merit and costs should not be taxed against them. The Defendants mischaracterized the Amended Complaints as untrue in order to meet the heavy burden placed upon prevailing Defendants to be entitled to an award of attorney fees. Under 42 U.S.C. §1988, "the court, in its discretion, may allow the prevailing party... a reasonable attorneys fee as part of the cost incurred" in litigating a §1983 action. This does not entitle every prevailing party to receive an award of attorney fees. This section has been interpreted to mean that "Congress desired to make it easier for a plaintiff of limited means to bring a meritorious suit." Grubbs v. Butz, 548 F.2d 973, 975 (DC Cir. 1976). While it is true that Congress also intended to "deter the bringing of lawsuits without foundation by providing that the 'prevailing party' - be it plaintiff or defendant - could obtain legal fees," *Id.*, Courts have held that awards to the prevailing defendants should be permitted "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Carrion v. Yeshiva University, 535 F.2d 722, 727 (2d. Cir. 1976). "[T]he term meritless is to be understood as meaning groundless or without foundation, rather than simply that the Plaintiff has ultimately lost his case." Christianburg Garment Co. v. EEOC,

434 U.S. 412, 421 (1978).

The Plaintiffs' claims were by no means groundless or without foundation. The Plaintiffs were all state employees and had been for many years. Other state employees were entitled to benefits that were denied to them. The Plaintiffs sought past and present benefits. The fact that they ultimately received most or all of the benefits that other state employees were entitled to does not make their lawsuit frivolous or meritless.

It would also be a hardship for the Plaintiffs to bear the costs of Defendants' attorney fees. As SDS, now Judicial Marshals, the Plaintiffs are clearly some of the lowest paid state employees in Connecticut. It would be unjust for the state to be awarded costs when Plaintiffs were merely exercising their rights to receive equal benefits as other state employees. Such a hardship should not be bourne by the Plaintiffs.

### IV.    CONCLUSION:

The Court should deny the Defendant's Renewed Motion for Attorney Fees.

THE PLAINTIFF

By _____
Christine E. Corriveau, their attorney
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106
860-560-2590 ct21212

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record on October 15, 2003.

A.A.G. Sharon A. Scully
P.O. Box 120
55 Elm Street
Hartford, CT 06141

_____
Christine E. Corriveau